**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KENNETH FELD,                  )
                                   )
           Plaintiff,         )
v.                             )        Civil Action No. 1:12-cv-01789-JDB
                                   )
FIREMAN'S FUND INSURANCE COMPANY,  )
                                   )
          Defendant.      )

**DEFENDANT'S MOTION TO COMPEL
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Defendant Fireman's Fund Insurance Company ("Defendant" or "FFIC"), by and through

undersigned counsel, move the Court to enter an order compelling discovery against Plaintiff

Kenneth Feld ("Plaintiff" or "Feld") and hereby submits this motion to compel and

memorandum in support thereof.

This motion concerns three categories of information and/or documents: (1) those

Plaintiff has agreed to produce but has not; (2) those reflecting or relating to Plaintiff's

understanding of his agreement with FFIC regarding the payment of defense costs; and (3) those

going to the reasonableness and necessity of expending defense costs totaling $4.5 million on a

single-plaintiff injury claim.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about September 26, 2007, Karen Feld was allegedly "assaulted" by security

guards hired by her brother, Kenneth Feld, and/or his company, co-defendant Feld

Entertainment, Inc. ("FEI").  On September 9, 2008, Karen Feld filed suit against Kenneth Feld

and FEI, alleging assault, battery, intentional infliction of emotional distress, negligent infliction

of emotional distress, and false imprisonment (the "Underlying Action").  On June 12, 2009,

Kenneth Feld sent FFIC notice of the claim under his personal Prestige Home Premier Policy, policy no. NAA 344 86 19 (the "Policy").

<u>FFIC's Reservation of Rights</u>

After receiving notice of the claim, Charles Kirk, a FFIC Claims Specialist, issued a reservation of rights letter to Feld on August 11, 2009 in which Mr. Kirk agreed to provide a defense subject to FFIC's reservation of its rights.  Although the Policy provided FFIC had the right to "[p]rovide a defense at our expense by counsel of our choice[,]" Mr. Kirk gave Feld the opportunity to choose counsel as long as it was ". . . at an agreed hourly rate[.]"  (Letter from Kirk to Feld, dated August 11, 2009, attached hereto as Exh. 1.)  At such an agreed rate, Mr. Kirk indicated that FFIC would pay ". . . the reasonable and necessary legal fees and Court costs incurred by counsel to defend you subsequent to the date this matter was tendered to FFIC under a full reservation of rights, and in accordance with the terms and conditions of the subject Policy and those contained herein."  (*Id.* at 10.)

Mr. Kirk subsequently had conversations with Caroline Mew, an attorney at Fulbright & Jaworski LLP ("Fulbright"), in which Ms. Mew confirmed that Feld wanted to continue with Fulbright as its counsel and during which they discussed the "agreed rates" that FFIC would pay for the defense.  In October 2009, Mr. Kirk confirmed those conversations by email, and stated that "[a]s insured selected counsel, we will agree to pay a rate not to exceed $250/hour for partners; $225/hour for associates; and $100/hour for paralegals.  Any amounts in excess of those rates would continue to be the insured's responsibility."  (Email from Kirk to Mew, dated October 4, 2009, attached hereto as Exh. 2.)  Mr. Kirk attached FFIC's billing guidelines for insured selected counsel, and requested that Fulbright submit an initial evaluation report as well

as a report and proposal for splitting fees between Fulbright's work for Feld and Fulbright's work for FEI.

In response, Ms. Mew sent several letters.  In a letter dated October 28, 2009, Ms. Mew submitted a proposed budget for the Underlying Action.  Over the course of several days, the budget was prepared, reviewed and revised by no less than five Fulbright attorneys, including three partners.  (*See* Select Invoices, attached hereto as Exh. 3.)  Ms. Mew's letter stated that the budget was an estimate of fees and expenses for the Underlying Action from investigation through appeal, and totaled approximately $1,716,275.  The budget reflected that work performed would be billed at the rates discussed with Mr. Kirk: $250/hour for partners; $225/hour for special counsel and senior associates; $200/hour for other associates; and $100/hour for paralegals.  (*See* Mew Letter & Budget, dated October 28, 2009, attached hereto as Exh. 4.)

Although FFIC requested that Fulbright or Feld submit invoices monthly, the first invoice was not provided until August 2010 for services performed by Fulbright in the Underlying Action from 2007 through December 30, 2009.  FFIC wrote to Matthew Kirtland, a Partner at Fulbright, to indicate that FFIC would be forwarding a check in the amount of $380,296.99 as payment for services rendered by Fulbright on behalf of Kenneth Feld in the Underlying Action through December 31, 2009.  (*See* Letter from Kirk to Kirtland, dated October 11, 2010, attached hereto as Exh. 5.)  The letter stated that the rates had been adjusted on the invoices to the agreed-upon rates.[1]  FFIC issued a check to Fulbright in the amount of $380,296.99 and the "For" section of the check stated "LEGAL FEES THROUGH 12/31/09 AT $250 PARTNER/ $225

---

[1] The letter also reserved FFIC's rights, including its rights to reduce its payment for any services performed by Fulbright before Feld tendered coverage to FFIC, and its right to reduce the invoices to the extent that they reflected work performed on behalf of "Feld Entertainment, Inc.," a co-defendant of Feld's in the Underlying Action.

ASSOCIATE AS AGREED."  Fulbright deposited the check and did not contest the or appeal

that payment.  The next invoices were not submitted until April 7, 2011 when Mr. Kirtland

forwarded invoices for services rendered by Fulbright from January 1- December 31, 2010.

Dispute Regarding Agreement as to Rates

The initial issues in this action turn on Feld's contentions as to the parties' understanding

regarding rates that FFIC would pay defense counsel.  At issue by the Complaint is whether Feld

(through Fulbright) expressly or impliedly agreed to the rates discussed by Charles Kirk and

Caroline Mew, which rates were expressly set out in Mr. Kirk's follow up email to Ms. Mew;

upon which rates the budget submitted by Fulbright to FFIC was based; upon which rates FFIC

based its payments to Fulbright; and which rates were expressly reflected on the check cashed by

Fulbright for the first set of invoices provided.  Feld contends that he did not have an

understanding of those rates which constituted the $2.1 million paid by FFIC and is seeking to

recover additional amounts based on significantly higher rates.  Plaintiff has placed at issue the

parties' understanding as to the rates that FFIC would pay, but wants to rely on privilege to avoid

producing information that would shed light on the understanding of Feld and his agents.

The Complaint states that "[t]his is a civil action for monetary damage and declaratory

relief arising out of FFIC's refusal to fully reimburse the reasonable legal fees and expenses

incurred by Kenneth Feld[.]"  (Complaint, ¶ 1.)  Feld seeks payment of those fees and expenses,

as well as "a declaratory judgment that the Underlying Action is covered by the operative policy

and that FFIC is obligated to reimburse the full amount of the reasonable legal fees and expense

he incurred in successfully defending the Underlying Action."  (Complaint, ¶ 3.)

Feld asserts counts of breach of contract and breach of implied covenant of good faith

and fair dealing; and seeks a declaration ". . . that FFIC has a duty to pay the full amount of the

reasonable legal fees and expenses incurred by Kenneth Feld in defending the Underlying Action."  (Complaint, ¶ 99.)

By seeking to recover amounts in excess of those agreed to by FFIC, Feld has placed at issue his understanding of FFIC's agreement as to rates and the circumstances under which he was allowed to continue to use Fulbright as defense counsel.  He has placed at issue whether he understood, agreed to, or acquiesced in the rates FFIC understood would apply.  The invoices contemporaneously produced to FFIC already reflect that communications occurred between Fulbright and Feld regarding the fee issue.  (*See* Select Invoices, Exh. 3, at 15, 22, 24.)  Feld cannot place the parties' understanding of their agreement at issue, and yet seek to cloak communications to him leading to that understanding in privilege.[2]

Disputes as to Reasonableness and Necessity of the Fees and Expenses Invoiced

A lawsuit to recover attorneys' fees expended in an action necessarily includes a limitation on what may be recovered:  only those fees which are reasonable and necessary are recoverable.  Feld claims that the fees and expenses expended by Fulbright were reasonable given the circumstances of the Underlying action, and in support thereof suggests that certain factors — such as the amount of damages claimed by his sister, Karen Feld, the "reputational risk" of the parties, and the number and quality of Ms. Feld's attorneys — demonstrate the reasonableness of Fulbright's fees.  (Complaint, ¶¶ 39-40.)  FFIC, however, is not obligated to pay at rates above those to which it agreed, or for work that was neither reasonable nor necessary given what was genuinely at issue in Ms. Feld's personal-injury claim.

Moreover, even aside from what may be excessive time, effort and cost for defending Karen Feld's claim, FFIC agreed to defend Feld for the suit against him; it never agreed to

---

[2] Of course, by virtue of having submitted, during the Underlying Action, invoices reflecting such communications, Fulbright has waived any privilege regarding such communications for this reason as well.

provide any defense for FEI, which was not an insured under the Policy.  FFIC requested that any services performed by Fulbright for both Feld and FEI be split equally, however Fulbright refused.  FFIC is entitled to any documents that reflect the work performed for FEI.  FFIC also has no obligation to pay for any work that was done on the counterclaim that Feld filed against his sister in the Underlying Action.  FFIC also had no obligation under the Policy to pay for any defense costs for which there was other available insurance.  The invoices suggest that there was work performed to determine the "possible impact of FEI coverage on client's strategy with Firemans Fund."  (Select Invoices, Exh. 3, 20.)

To date, Feld has produced only invoices — copies of ones that had already been sent to FFIC — and pleadings in the underlying action.  No communications of any type with any party have been produced; no documents reflecting or shedding light on the understanding of Feld or his agents at Fulbright regarding what rates FFIC would pay toward his defense in his sister's lawsuit.  There are no draft invoices or discussions about the invoices; there are no discussions about Feld's obligations to pay the difference in rates between what FFIC agreed to pay and what Fulbright ultimately billed; there are no documents describing Feld's actual exposure in his sister's lawsuit; no documents describing by whom the guards at issue were employed.  Nor were there any documents produced indicating what portion of the defense of Karen Feld's action was assumed by or on behalf of FEI, a defendant therein also represented by Fulbright.

<u>Plaintiff's Responses to Defendant's Requests and Interrogatories</u>

Defendant served its First Set of Requests for Production of Documents (the "Requests") and First Set of Interrogatories (the "Interrogatories") on Plaintiff on January 4, 2013.  (*See* Defendant's First Set of Requests for Production of Documents, attached hereto as Exh. 6; Defendant's First Set of Interrogatories, attached hereto as Exh. 7.)  Plaintiff served his

responses to FFIC on February 6, 2013.  (*See* Plaintiff's Responses to Defendant's First Set of

Requests for Production of Documents ("Plaintiff's Responses to Requests"), attached hereto as

Exh. 8; Plaintiff's Responses to Defendant's First Set of Interrogatories ("Plaintiff's Responses

to Interrogatories"), attached hereto as Exh. 9.)

     1.    <u>Documents that Plaintiff has Agreed to, but has Not, Provided</u>

Plaintiff has agreed to produce any non-privileged, responsive documents in response to:

> <u>Request No. 1</u>: All documents which refer to, relate to or reflect communications with FFIC from June 1, 2007 to the present which relate to the matters alleged in the Complaint.

> <u>Request No. 15</u>:  All documents that support your assertions in Paragraph 40 of the Complaint that "it was reasonable for Kenneth Feld to incur $4,539,042.78 in legal fees and expenses."

> <u>Request No. 22</u>:  All documents referenced in your Complaint.

> <u>Request No. 23</u>:  To the extent not already provided in response to the Requests above, all documents that relate to and/or support the facts alleged in the Complaint.

(Plaintiff's Responses to Requests, Exh. 8, at Requests No. 1, 15, 22 and 23.)  Plaintiff also

agreed to produce documents evidencing settlement discussions in response to Requests No. 9-

10.  (*Id.* at Requests No. 9-10.)  In addition, Plaintiff agreed to produce non-privileged

documents which relate to any fees, costs or invoices associated with the Underlying Action in

response to Request No. 24.  (*Id.* at Request No. 24.)  However, to date, Defendant has only

received the final invoices, and the pleadings, appellate pleadings and written discovery

exchanged in the Underlying Action.

     2.    <u>Documents and Information that Plaintiff has Refused to Provide</u>

Plaintiff has refused to produce documents or information regarding communications

which relate to the fees, costs, invoices, rates or any other matter alleged in the Complaint, such

as communications that would reflect the understanding of Feld, and his agents at Fulbright, about the parties' respective obligations regarding defense costs.  Such communications would include communications with FFIC, communications about FFIC's position, communications with Feld regarding the billing arrangement or FFIC's position, communications regarding Feld's responsibility with respect to amounts not paid by FFIC, and other matters  Plaintiff has also refused to produce any communications regarding defense costs; draft invoices, time sheets and the like, or other documents which could be or lead to admissible evidence regarding the reasonableness and necessity of the fees and expenses charged to FFIC.

Plaintiff has asserted an objection based on privilege as to as to Requests No. 1-5, 7-8, 12, 24 and Interrogatories No. 4 and 14.[3]  (*See* Exhs. 8-9.)  However, Plaintiff's claim of privilege has not been established and/or has been waived.  Plaintiff has the burden of establishing the privilege that he is asserting, however there is no indication from Plaintiff as to the basis for the privilege asserted nor is it possible to determine whether Plaintiff is actually withholding documents based on its assertion of privilege.

## ARGUMENT

I.   **FFIC IS ENTITLED TO THE IMMEDIATE PRODUCTION OF NON-PRIVILEGED DOCUMENTS AND INFORMATION**

To the extent that non-privileged communications exist that are responsive to FFIC's Requests or Interrogatories, FFIC is entitled to receive those documents or information immediately.  Plaintiff has already agreed to produce non-privileged communications as to Requests No. 1, 15, 22 and 23.  (*See* Plaintiff's Responses to Requests, Exh. 8, at Requests No.

---

[3] Indeed, the undersigned counsel understood Feld's refusal to produce the documents to be based on an assertion of privilege.  A number of discussions leading up to the conference concerned a modified privilege log.  During the Court Conference, however, Feld's counsel seemed to suggest that the refusal to produce was based on "relevance."

1, 15, 22, and 23.)  These Requests seek documents which reflect communications with FFIC from June 1, 2007 to the present; documents supporting the allegation that the fees and expenses incurred in the Underlying Action were "reasonable"; and all documents that relate to and/or support the facts alleged in the Complaint.  However, Plaintiff has failed to produce any such documents.

Moreover, Plaintiff should be required to produce immediately all other non-privileged documents and information responsive to Requests Nos. 2-5, 7-10, 12-13, 18, and 24, and Interrogatory Nos. 3-4, and 14-15.  These Requests and Interrogatories and are well within the scope and limits of discovery under the Federal Rules of Civil Procedure.  As noted in the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.] . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26.  "The term relevance at the discovery stage is broadly construed and is given very liberal treatment."  *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1, 6 (D.D.C. 2007) (citations omitted); *see Albany Molecular Research, Inc. v. Schloemer*, 274 F.R.D. 22, 27 (D.D.C. 2011) (finding that documents requested were within the scope of discovery because relevancy at the discovery stage is broadly defined).  All of FFIC's Requests and Interrogatories seek relevant information as to the claims or defenses of the parties, and are reasonably calculated to lead to the discovery of admissible evidence.

Requests No. 2-5, and 24, as well as Interrogatories No. 3-4, 14 seek documents and information that relate to the fees, costs and invoices related the Underlying Action, as well as matters alleged in the Complaint.  For example, Request No. 2 seeks "[a]ll communications which relate to the fees, costs and invoices related to the Underlying Litigation;" Request No. 4

seeks "[a]ll communications involving attorneys at Fulbright & Jaworski, LLP which relate to the fees, costs and invoices related to the Underlying Litigation, including but not limited to communications with FFIC;" and Request No. 24 seeks "[t]o the extent not already produced in response to the Requests above, all documents which relate to any fees, costs or invoices associated with the Underlying Litigation."  Similarly, the Interrogatories seek this information as well.  For example, Interrogatory No. 4 asks Plaintiff to "[i]dentify and describe with particularity all communications between you and FFIC from June 1, 2007 to the present," and Interrogatory No. 4 asks Plaintiff to "[i]dentify and describe with particularity all communications which relate to the matters alleged in the Complaint, including but not limited to communications which relate in any way to the fees, costs and invoices in the Underlying Litigation. Include in your description the date(s) and the substance of the communications and the identity [of] all persons who participated in these communications."

Communications and information related to the matters alleged in the Complaint are directly relevant to the claims and defenses of the parties, as are communications related to the fees, costs and invoices in the Underlying Action that are the subject of the dispute between the parties.  To date, Plaintiff has not identified or produced a single communication other than the final invoices themselves.[4]  Request No. 21 requests "[a]ll documents reviewed, relied upon or referred to by you in answering Defendant's Interrogatories"  Plaintiff's response in Interrogatory No. 15 references a fee agreement between Feld and Fulbright.  (*See* Plaintiff's Responses to Interrogatories, Exh. 9, at Interrogatory No. 15.)  The fee agreement is directly relevant to determining what Feld understood his obligations to be and, hence, what he understood FFIC's obligations to be.  Moreover, Feld is claiming $2.4 million, and FFIC is

---

[4] Indeed, Plaintiff has not yet even produced a single communication that it referenced in its Complaint or that he, or his representatives, had with FFIC.

entitled to confirm what Feld actually has paid of this amount.  Accordingly, Plaintiff should be required to immediately produce any non-privileged documents and information responsive to Requests No. 2-5 and Interrogatories No. 3-4 and 14-15 as they seek discoverable information and are reasonably calculated to lead to the discovery of admissible evidence.

Requests No. 7-8 similarly seek documents related to the invoices.  Request No. 7 seeks "[a]ll invoices, including time sheets, draft invoices and the like, related to the Underlying Litigation," and Request No. 8 seeks "[a]ll invoices, including time sheets, draft invoices and the like, related to any work that Fulbright & Jaworski, LLP provided for you from September 1, 2007 to the present."  Plaintiff has objected to producing anything other than the invoices themselves in response to these requests, apparently contending that draft invoices are not relevant or reasonably likely to lead to discoverable information.  However, their production is reasonably calculated to lead to the discovery of admissible evidence as to the reasonableness of what ultimately went into the final bill or invoice.

Requests No. 9-10 seek documents related to settlement in the Underlying Action.  Although Plaintiff has agreed to produce documents "evidencing" settlement discussions, Plaintiff has not produced any responsive documents except for the publicly filed pleading in the Underlying Litigation.  The reasonableness and necessity of amounts spent is directly related to the actual financial exposure faced, and whether a reasonable settlement option was available.

Requests No. 12-13, and 18 are also relevant to the defenses of FFIC.  Request No. 12 seeks "[a]ll documents which refer to the Underlying Litigation, including but not limited to the exposure therein; the defense costs generated and who would pay those costs; and evaluations of Karen Feld's claims," and Request No. 18 seeks "[a]ll documents which relate to payment by any person related to any work that Fulbright & Jaworski, LLP provided for you from September

1, 2007 to the present." FFIC has no obligation to pay for unreasonable or unnecessary fees and expenses and is entitled to discover information necessary to explore this defense. Finally, FFIC had no obligation under the Policy to pay for any defense costs for which there was other available insurance. Indeed, the invoices reflect that there was work performed to determine the impact of FEI's coverage on Feld's strategy with FFIC.

Plaintiff has thus far only produced invoices and the pleadings, appellate pleadings and written discovery in the Underlying Action. This is an insufficient response to FFIC's discovery requests. Plaintiff should be immediately required to produce all documents and information responsive to Requests No. 1-5, 7-10, 12-13, 18, and 24, and Interrogatories No. 3-4, and 14-15.[5]

## II.   DOCUMENTS OR INFORMATION REGARDING REASONABLENESS OF FEES AND NECESSITY OF WORK IS DISCOVERABLE

Fulbright's fees for litigating the Underlying Action, which was essentially a single-plaintiff personal injury claim, totaled $4,539,042.78. (Complaint, ¶ 40). FFIC paid over $2.1 million to Fulbright. Despite FFIC's good faith payments, Plaintiff brings a claim for breach of an implied covenant of good faith and fair dealing, and seeks a declaration "that FFIC has a duty to pay the full amount of the *reasonable* legal fees and expenses incurred by Kenneth Feld in defending the Underlying Action." (Complaint, ¶ 99.) Plaintiff claims that the entirety of Fulbright's invoices were reasonable. (Complaint, ¶¶ 39-40.) However, Fulbright's full rate invoices reflect fees and expenses that were not reasonable for this single-plaintiff claim.

Documents and information to determine the reasonableness and necessity of the legal fees and expenses invoiced are directly relevant to both Plaintiff's assertion that the fees and

---

[5] In response to approximately two of the Requests, Plaintiff has indicated that he does not believe any non-privileged documents exist. However, because Plaintiff has not yet produced a privilege log, FFIC is unable to evaluate that assertion. Moreover, as described in greater detail below, Plaintiff's assertion of privilege is inappropriate to these Requests as he has put the information sought at issue, and thereby has waived the privilege.

expenses were reasonable, and to FFIC's defense that it is only obligated to reimburse reasonable and necessary defense costs.  *See Blackman v. District of Columbia*, 677 F. Supp. 2d 169, 172 (D.D.C. 2010) (once a plaintiff has met its burden to demonstrate the reasonableness of fees, the burden then shifts to defendants to rebut plaintiff's showing);  *West Square, L.L.C. v. Communication Technologies, Inc.*, 274 Va. 425, 433 (Va. 2007) ("a prevailing party who seeks to recover attorneys' fees pursuant to a contractual provision . . . has the burden to present a prima facie case that the requested fees are reasonable and that they were necessary.") (citations omitted); *House of Clean, Inc. v. St. Paul Fire and Marine Ins. Co., Inc.*, 775 F. Supp. 2d 302, 309 (D. Mass. 2011) ("Even where the insurer has breached its duty to defend, the insured must prove the existence and amount of the expenses were reasonable and necessary defense costs.") (citing *Liberty Mut. Ins. Co. v. Cont'l Cas. Co.*, 771 F.2d 579, 582 (1st Cir. 1985)).

Moreover, "[b]y claiming indemnification of attorney's fees from [Defendant] and offering the billing statements as evidence of the same, [Plaintiff] waived its attorney-client privilege with respect to the redacted portions of the billing statements *and any other communications going to the reasonableness* of the amount of the fee award."  *Ideal Electronic Security Co., Inc. v. International Fidelity Ins. Co.*, 129 F.3d 143, 151 (D.C. Cir. 1997) (citing *In re Sealed Case*, 877 F.2d 976, 980-81 (D.C. Cir. 1989) ("[A] waiver of the privilege in attorney-client communication extends to all other communications relating to the same subject matter"); *see Mineba Co., Ltd. V. Papst*, 355 F. Supp. 2d 518, 522-23 (D.D.C. 2005).[6]  In order to determine the reasonableness of the invoices, certain questions need to be answered, such as: "Has the attorney over-charged for its services by expending a ridiculous amount of total time on

---

[6] "Even when attorney's fees are stipulated in an agreement, the trial court may still inquire into the reasonableness of the fees claimed under an indemnity agreement if those fees are challenged," (*Ideal*, 129 F.3d at 150), as those fees are challenged in this matter.

a simple research task?  Did the work undertaken encompass issues and tasks outside the scope

of the question being litigated?  Was each task undertaken a necessary and reasonable

component of a reasonable litigation strategy." *Ideal*, 129 F.3d at 151.  Accordingly, FFIC is

entitled to discovery of documents or information related to the reasonableness of Fulbright's

fees and expenses.

## III.   DOCUMENTS AND INFORMATION THAT PLAINTIFF HAS PUT AT ISSUE ARE DISCOVERABLE

Plaintiff has not established, or has waived any, privilege[7] that might otherwise exist as to

any documents responsive to FFIC's requests for communications or documents regarding the

fees, costs or expenses, or related to the allegations contained in the Complaint, in particular

those communications or documents that relate to the allegation that there was not an agreement

or understanding as to rates.  "[A] party may not claim privilege over material that they place at

issue in a litigation."  *Estate of Cornwell v. AFL-CIO*, 197 F.R.D. 3, 4 (D.D.C. 2000); *see U.S. v.*

*Exxon Corp.*, 94 F.R.D. 246, 248 (D.D.C. 1981) ("a party waives the protection of the attorney-

client privilege when he voluntarily injects into the suit the question of his state of mind"); *see*

*also Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 447 (S.D. Fla. 1980) (by injecting the issue of

the parties' intent in entering into certain contracts, plaintiff waived privilege).  Under the

implied waiver or "at issue" doctrine, privilege is waived when the party places otherwise

privileged matter in controversy.  *See Mineba*, 355 F. Supp. 2d at 522.  "The purpose of the

implied waiver doctrine is to prevent 'an abuse of the privilege,' that is, to prevent the

confidentiality protected by the privilege from being used as a tool for manipulation of the truth-

---

[7] The proponent of the privilege must establish the documents at issue are privileged with reasonable certainty and that the privilege was not waived. *Judicial Watch, Inc. v. U.S. Dept. of Homeland Sec.*, 841 F. Supp. 2d 142, 153 (D.D.C. 2012).  "Consistent with these strictures, the proponent must offer more than just conclusory statements, generalized assertions, and unsworn averments of its counsel." *Id.* (citations and internal quotation marks omitted).

seeking process[.]" *Id.* (citations and internal quotation marks omitted).  "This is particularly true . . . where a party partially discloses the allegedly privileged information in support of its claim against another, but then asserts the privilege as a basis for withholding from its opponent the remainder of the information which is necessary to defend against the claim." *Id.* (quoting *Ideal*, 129 F.3d at 151.)  In this case, Plaintiff has disclosed the invoices that were submitted and sent to him by his counsel, Fulbright,[8] he has also asserted that he did not have an agreement or understanding as to the rates that FFIC would pay.  FFIC is entitled to obtain information regarding that understanding from Feld and his agents.

There are three factors relevant to determining whether there has been implied or "at issue" waiver: (1) the assertion of the privilege was a result of some affirmative act, such as filing suit, by the party asserting the privilege; (2) through the affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would deny the opposing party access to information vital to its defenses.  *See Mineba*, 355 F. Supp. 2d at 523-24 (citations omitted); *Wender v. United Services Auto. Ass'n*, 434 A.2d 1372 (D.C. 1981) (applying the three factors).  Here, Plaintiff has filed suit and put what he claims is protected information at issue by making it relevant to the case.  Plaintiff's Complaint states that there was never an agreement as to the rates that FFIC would pay his counsel nor was any statement ever made regarding an agreement over rates that FFIC would pay for defense counsel.  (*See* Complaint, ¶¶ 70-73.)  The Complaint also states that the fees and expenses invoiced by Fulbright were reasonable.  (Complaint, ¶¶ 39-40.)  Plaintiff has put documents or information regarding these allegations in the Complaint at issue, including but not limited to communications regarding rates; information regarding what Feld agreed to pay Fulbright and

---

[8] Accordingly, there has been subject matter waiver as to the documents that support these invoices. *See In re Sealed Case*, 676 F.2d 793 (D.C. Cir. 1982).

how the FFIC payment was factored in; communications regarding Feld's payment of the

invoices; communications regarding FFIC's position on rates; analysis of coverage or

communications regarding coverage under other policies; communications regarding time

entries, billing, fees, invoices, expenses and the like; evaluations of the exposure in the

Underlying Action; cost projections of defending the Underlying Action; communications

regarding the reasonableness or necessity of the work being performed (for example, whether it

was necessary for four partners to attend the appellate hearing) – all of which are requested by

FFIC in its Requests and Interrogatories.  These discovery requests seek: communications which

would include the aforementioned topics (Requests No. 2-5; Interrogatories No. 3-4, and 14);

time sheets, draft invoices and the like (Requests No. 7-8); documents related to settlement or the

possibility thereof (Requests No. 9-10); documents related to the Underlying Action, including

but not limited to evaluations of Underlying claim and exposure therein, as well as the associated

fees, costs or invoices (Requests No. 1, 12, 24); documents related to coverage evaluations or

application of payments for other work performed (Requests No. 13 and 18).

These Requests and Interrogatories seek information that is relevant to this action and is

necessary to the preparation of FFIC's defense.  For example, to the extent that there is a

communication among the attorneys at Fulbright and Feld regarding the rates FFIC agreed to and

did pay, FFIC is entitled to discovery of such documents.  The communication that Caroline

Mew had with Feld upon receipt of FFIC's correspondence is relevant – even more so if perhaps

Ms. Mew discussed FFIC's agreement with Feld.  FFIC's Requests and Interrogatories are

reasonably calculated to lead to the discovery of such evidence, as well as other evidence

relevant to the parties' claims and defenses.  "Far from giving Defendant[] a windfall, compelled

disclosure of the withheld documents will place Defendant[] on a level playing field." *The*

*Navajo Nation v. Peabody Holding Co., Inc.*, 255 F.R.D. 37, 49 (D.D.C. 2009); *see Wender*, 434 A.2d at 1374 ("in certain circumstances, where application of the attorney-client privilege would not serve the purpose for which it is intended, courts have deemed the privilege waived.")  Thus, FFIC requests that the Court order Plaintiff to immediately produce documents and information that it is responsive to Requests No. 1-5, 7-10, 12-13, 18, and 24, and Interrogatory Nos. 3-4, and 14-15.

## IV.     CONCLUSION

Plaintiff has only produced invoices, pleadings, written discovery and appellate pleadings filed in the Underlying Litigation.  Plaintiff has failed to produce documents that he has agreed to produce, failed to produce other documents and information central to this lawsuit: those regarding Feld's understanding of FFIC's agreement as to rates, and those regarding the reasonableness and necessity of the time billed.  Plaintiff's refusal to produce such documents is unfounded as the information sought is relevant and, if a privilege were asserted, that privilege would have been waived by plaintiffs assertion of this lawsuit.

WHEREFORE, for the foregoing reasons, Defendant Fireman's Fund Insurance Company respectfully requests the Court enter an order granting its motion to compel and requiring Plaintiff to immediately produce all documents responsive Defendant's Requests No. 1-5, 7-10, 12-13, 18 and 24 and Interrogatories No. 3-4, and 14-15 within 10 days of entry of the Court's Order.

Dated: May 13, 2013

                                                        Respectfully submitted,


                                               _/s/ Thomas S. Schaufelberger_         
Thomas S. Schaufelberger (DC Bar # 371934)
tschaufelberger@saul.com
Carolyn Due (DC Bar # 1001542)
cdue@saul.com
Saul Ewing LLP
1919 Pennsylvania Ave., NW
Suite 550
Washington, DC  20006
(202) 295-6609 telephone
(202) 295-6709 facsimile

*Counsel for Defendant*
  *Fireman's Fund Insurance Company*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Fireman's Fund Insurance Company, by and through undersigned counsel, submits this certificate that its counsel has in good faith conferred with counsel for Plaintiff in an effort to obtain the discovery at issue in this Motion and to narrow the scope of the parties' dispute. The parties were unable to resolve their dispute and Plaintiff opposes this Motion.

Respectfully submitted,


_/s/ Thomas S. Schaufelberger_____
Thomas S. Schaufelberger (DC Bar # 371934)
TSchaufelberger@saul.com
Saul Ewing LLP
1919 Pennsylvania Ave., NW
Suite 550
Washington, DC  20006
(202) 295-6609 telephone
(202) 295-6709 facsimile

_Counsel for Defendant_
  _Fireman's Fund Insurance Company_

## CERTIFICATE OF SERVICE

I hereby certify that, on this 13th day of May, 2013, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO COMPEL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF and DECLARATION OF CAROLYN DUE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL AND  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF and PROPOSED ORDER ON MOTION** was served by the Court's CM/ECF system upon the following:

> Matthew H. Kirtland
> mkirtland@fulbright.com
> Kimberly H. Caine
> kcaine@fulbright.com
> Fulbright & Jaworski L.L.P.
> 801 Pennsylvania Ave., NW
> Washington, DC 20004
> *Counsel for Plaintiff Kenneth Feld*

                                         _/s/ Thomas S. Schaufelberger_____
                                         Thomas S. Schaufelberger