UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH FELD,<br><br>    Plaintiff,<br><br>        v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 12-1789 (JDB) |

## MEMORANDUM OPINION & ORDER

The parties to this insurance coverage action are just a few weeks away from reaching an unfortunate milestone: the one-year anniversary of an active discovery dispute. See May 6, 2013 Minute Order. After two status conferences, three rounds of briefing, two written opinions, and in camera review of a random sampling of the documents at issue, the time has finally come to put this dispute to rest. For the reasons set forth below, defendant Fireman's Fund Insurance Company ("FFIC") is entitled to no relief, and plaintiff Kenneth Feld is entitled to an award of attorney's fees.

## BACKGROUND

Most of the factual and procedural details of this litigation—including this particular discovery dispute—have already been detailed at length in two written opinions. See Feld v. Fireman's Fund Ins. Co., 2013 WL 6730907 (D.D.C. Dec. 23, 2013) [ECF No. 30] ("Dec. 23 Mem. Op."); Feld v. Fireman's Fund Ins. Co., 292 F.R.D. 129 (D.D.C. 2013) [ECF No. 19]. This opinion picks up where the last one left off. After the Court's December 23, 2013 decision (granting in part and denying in part FFIC's second motion to compel), the parties submitted a

proposed schedule for the remainder of discovery, which the Court adopted. See Jan. 24, 2014 Scheduling Order [ECF No. 33]. That Order included a January 31, 2014 deadline for Feld to complete his document production, including any additional documents to be produced in light of the Court's December 23, 2013 opinion.

On January 31, 2014—the day of Feld's production deadline—the parties also appeared for a status conference. Feld had apparently completed his document production on schedule, making a final production earlier that morning. But FFIC was not happy with what it received. FFIC argued that it was entitled to all of the outstanding documents that Feld continued to withhold as protected attorney work product, and requested that the Court review these documents in camera. In response, Feld's counsel represented that he had complied with the Court's orders in good faith, had reviewed the documents for a third time and had produced some additional documents in light of the Court's most recent opinion, and that the remaining documents in dispute were all properly withheld as protected attorney work product. Specifically, according to Feld's counsel, all of the withheld documents were prepared in anticipation of this insurance coverage litigation, rather than in anticipation of the underlying personal injury litigation. That distinction is critical, because Feld has partially waived the attorney-client and attorney work-product privileges for the underlying personal injury litigation by placing counsel's work "at issue" in filing this insurance coverage lawsuit. But for documents created in anticipation of the second lawsuit—this insurance coverage action—some protection remains. See Dec. 23 Mem. Op. at 20-21 ("Feld has not put the work of his attorneys on this litigation at issue in this case, so any privilege claims over those documents and communications remain valid.").

At the time of that most recent status conference, the parties had not yet exhausted the meet-and-confer process (Feld's final document production had come only hours earlier). So the Court had no basis to grant FFIC's request for in camera review of all the disputed documents (nor any basis to order their production). Afterwards, the Court issued another scheduling order, directing the parties to meet and confer in good faith in a final attempt to resolve or narrow their disagreement. See Jan. 31, 2014 Scheduling Order [ECF No. 34]. Because of the parties' history of difficulty in coming to negotiated solutions, the Court also provided an alternate route, issuing a briefing schedule to resolve any disagreements that might remain. See id.

That scheduling order also called for some specificity from FFIC as to the nature of any future objections to Feld's productions, ordering that

> to the extent defendant seeks in camera review, or an order compelling production of any withheld documents, defendant shall specify, in a memorandum filed by not later than March 4, 2014: (1) the particular documents it believes have been improperly withheld, and (2) the factual and legal basis for that belief, with respect to each document . . . .

Id. This language was deliberately included to encourage FFIC to remedy what had been a critical shortcoming in its previous filings: the lack of any specific objections to individual documents—or even groups of documents—that FFIC believed had been wrongfully withheld. See Dec. 23 Mem. Op. at 9. In the previous rounds of briefing—and at the January 31, 2014 status conference—FFIC's objections had been wholly categorical, and had called for Feld to produce (or the Court to review in camera) all of Feld's withheld documents, without offering much in support of that request, and without offering any specific explanation as to why certain documents were improperly withheld.

When the parties failed to negotiate a solution, they briefed the issue one last time. FFIC titled its filing "Documents Requested," in which FFIC listed the documents it wanted from Feld.

FFIC did not formally move to compel or request in camera review. FFIC also did not include any specific arguments "with respect to each document," Jan. 31, 2014 Scheduling Order, or groups of documents. In response, Feld argued that FFIC was trying to relitigate issues that had already been decided in Feld's favor. The Court then ordered Feld to submit seven sample documents for in camera review, and the Court reviewed those documents.

## ANALYSIS

### I. FFIC IS ENTITLED TO NO RELIEF.

This Court has already held (1) that the attorney work-product privilege protects the documents on Feld's privilege log, Dec. 23 Mem. Op. at 5-9; (2) that Feld's privilege log entries are sufficiently detailed, id. at 5-7; and (3) that there has been a partial waiver of the attorney work-product privilege, but only for documents prepared in anticipation of the underlying personal injury litigation, id. at 20-21. No party has moved to reconsider those rulings, and they remain binding. Taking these principles as established, the question presented here, therefore, is a narrow one: Has FFIC demonstrated that Feld's implementation of these holdings has been improper in some way? Because it has not, FFIC is entitled to no relief.

At the outset, FFIC has not actually filed a formal motion to compel or a motion for in camera review. Instead, FFIC's filing is titled "Documents Requested," and contains no discussion of the remedy it is seeking. FFIC offered no discussion of the legal standard for in camera review, or for a motion to compel. See Pl.'s Resp. [ECF No. 38] at 2 n.2 ("Defendant has not requested an in camera review of any documents."). Nevertheless, FFIC did make an oral motion for in camera review at the January 31, 2014 status conference. And by titling its filing "Documents Requested," it is clear that FFIC wants some form of court-ordered relief. So the

Court will construe FFIC's filing as a motion to compel production, or, alternatively, for in camera review.

Once the rhetoric is stripped away, FFIC makes only one substantive argument: that Feld "appears . . . to be overreaching" in its privilege assertions, because "the descriptions . . . do not evidence work product and appear to have been documents regarding the underlying litigation that were produced out of the ordinary course of providing information requested of defense counsel by FFIC, and not because of anticipated litigation with [FFIC]." Def.'s Mem. [ECF No. 37] at 3. After a few statements like that, FFIC lists nine categories of documents and the date ranges in which those documents were created, and pastes in Feld's privilege log entries verbatim. See id. at 4-13. FFIC's argument fails for several reasons.

The first is that the Court has already held that Feld's privilege log entries, on their face, are sufficient to support their designation as protected attorney work product. See, e.g., Dec. 23 Mem. Op. at 8-9 ("Feld's privilege log, when considered in the surrounding context of the parties' insurance-coverage dispute, provides enough information for the Court to be confident that the withheld documents were prepared with an eye toward the possibility of litigation. Hence, they are attorney work product."). FFIC has not directly argued that this holding was incorrect; instead, it is an unstated premise of FFIC's filing that it simply disagrees with this ruling. But the remedy for that problem must ultimately be an appeal to the D.C. Circuit. The December 23, 2013 opinion conclusively resolved this issue, and FFIC offers no argument as to why the Court should reverse course. So it will not.

FFIC's filing is also non-compliant with the Court's clear and repeated instructions—first in the December 23, 2013 opinion, then at the January 31, 2014 status conference, and finally in the most recent scheduling order—to provide specific factual and legal support, "with respect to

each document," as to why FFIC believes "the particular documents . . . have been improperly withheld." Jan. 31, 2014 Scheduling Order; see also Dec. 23 Mem. Op. at 9 ("FFIC claims that none of these documents are protected by the work-product privilege. But to support that argument, it simply offers a small handful of allegedly problematic examples, and asks the Court to draw the inference that, because a few documents are not covered by the work-product privilege, none of them are. But FFIC has not provided any basis to infer that its exemplars are representative of the whole.") (internal citations omitted). FFIC is not requesting some of the withheld documents; it is requesting all of them. Because it has offered nothing on which the Court could rely in making such a sweeping ruling, it is entitled to no relief.

Of course, as is the case in most privilege disputes, FFIC has not seen the actual documents, so it might have been difficult to offer detailed objections to individual entries on Feld's privilege log. But FFIC has not even attempted to do so, instead offering only one paragraph of generalized argument that is purportedly applicable to every single document in dispute. See Def.'s Mem. at 3 (claiming that "the descriptions . . . do not evidence work product and appear to have been documents regarding the underlying litigation . . . not [prepared] because of anticipated litigation with [FFIC].").  That sort of argument cannot work in this case, because the bases for Feld's privilege assertions are quite varied. For example, although most of the disputed documents were created while the underlying litigation was ongoing, about forty of them were created after the underlying litigation was finished. See Pl.'s Resp. at 17 ("[D]efendant demands the production of more than 40 documents that were created after plaintiff prevailed at the trial of the Underlying Litigation in May 2011. . . . [D]efendant makes no argument why any of these documents fall within the scope of the July 3, 2013 and December 23, 2013 orders."). It is certainly possible that some of those documents were, nevertheless,

6

created "because of" the underlying litigation—just as some documents created in anticipation of this insurance coverage litigation could have been created during the underlying litigation. But FFIC offers no explanation as to whether or why this is the case, nor does it meaningfully differentiate amongst the groups of documents created during different stages of these two cases. For the third time: FFIC's one-size-fits-all argument gets them nowhere.

For these reasons, the Court could have denied FFIC's request out of hand. FFIC's arguments are unpersuasive, and do not meet the guidelines set forth by the Court on three separate occasions. At bottom, FFIC's filing seems to rest on yet another unstated premise: that Feld's privilege log descriptions inaccurately describe the relevant documents. But typically, even in our adversarial litigation process, as officers of the court, attorneys are presumed to be conducting themselves diligently and in good faith, and FFIC has presented no reason to distrust Feld's work on the privilege log.

Nevertheless, recognizing that FFIC has not actually seen the documents it seems so convinced are not privileged, the Court reviewed a limited sample[1] of the disputed documents <u>in camera</u>. FFIC submitted the documents to chambers, and the Court reviewed them in detail, comparing them to their respective entries on Feld's privilege log. After this review, the matter is settled: Feld's privilege assertions appear to have been made carefully and in good faith. Every one of the documents submitted for <u>in camera</u> review was described accurately on Feld's privilege log. All of the documents qualify as attorney work product generated in anticipation of this insurance coverage litigation, and none of them are discoverable.

A few examples are illustrative. Feld claims privilege over a February 1, 2012 email from Matthew Kirtland (a partner at the law firm of Fulbright & Jaworski, LLP, and one of

---

[1] The Court selected seven of the disputed documents on Feld's privilege log largely at random, after ensuring that the sample was somewhat representative of the relevant date range.

Feld's lead attorneys on this matter) to Kenneth Feld himself. As described on Feld's privilege log, the subject line of the email is "Shiva -- FFIC reimbursement update." See Priv. Log [ECF No. 37-1] No. 292. And the privilege log description—"Email from Fulbright attorneys to client re: status of FFIC's review of appeals," id.—is also accurate. The email is an update, from lawyer to client, about Feld's ongoing struggle to obtain reimbursement from FFIC, and it was created "because of" Feld's anticipating this very litigation with FFIC about insurance reimbursement. The date is instructive: February 1, 2012 is a full nine months after the trial in the underlying litigation was over, when the focus of Feld's attorneys had seemingly shifted away from defending personal injury claims, in favor of obtaining reimbursement from Feld's insurer.

Similarly, Feld claims privilege over a January 10, 2010 "[e]mail thread including emails among Fulbright attorneys and accounting personnel re: disclosure of tax ID number to FFIC, FFIC system for reimbursement, and invoice redaction." Priv. Log No. 124. Feld claims this email thread is attorney work product "in anticipation of litigation with FFIC." Id. Feld is correct. In this email thread, Fulbright attorneys (and staff, who are also covered by the work-product privilege, see, e.g., Judicial Watch, Inc. v. USPS, 297 F. Supp. 2d 252, 268 (D.D.C. 2004)) discuss how much information should be disclosed to FFIC, and in what form, in light of the objections FFIC had already raised to many of Feld's reimbursement requests. It is the equivalent of a strategy meeting—in anticipation of this litigation—but taking place via email chain rather than around a conference room table. It too is privileged.

Feld also claims privilege over an October 28, 2009 email from Carline M. Mew (then a Senior Associate at Fulbright) to Jeffrey Marks and Joseph Small (two more Fulbright attorneys),

with the subject line "Shiva budget."[2] To be sure, an email from this date (during the underlying personal injury litigation), and with a "Shiva" reference in the subject line (the setting of the alleged assault), is a likely candidate for a challenge to Feld's privilege assertions. But reading the email dispels any concern: it is solely devoted to the issue of insurance coverage, and the privilege log description is accurate. It is an "[e]mail among Fulbright attorneys reflecting communication with client" regarding the brewing insurance dispute. It was generated in anticipation of <u>this</u> litigation, not the underlying insurance coverage litigation.

The rest of the <u>in camera</u> review tells the same story. In light of this review, and FFIC's repeated failure to make any showing that would lead the Court to question Feld's privilege assertions, Feld is entitled to no further <u>in camera</u> review, and no order compelling production. Hence, the Court will deny FFIC's motion.

## II. FELD IS ENTITLED TO REASONABLE ATTORNEY'S FEES.

The Federal Rules of Civil Procedure authorize an award of reasonable attorney's fees to the prevailing party in a discovery dispute like this one. <u>See</u> Fed. R. Civ. P. 37(a)(5)(B) ("If the motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees."); <u>see also</u> <u>D.L. v. District of Columbia</u>, 251 F.R.D. 38, 49 (D.D.C. 2008) ("Under Rule 37, the district court has broad discretion to impose sanctions for discovery violations, and to determine what sanctions to impose."). The Court issued a warning to this effect at the January 31, 2014 status conference, in hopes of encouraging the parties to negotiate a compromise, and the Court repeated that warning in its scheduling order, instructing the parties to "keep reasonably detailed

---

[2] In the Jewish tradition, a shiva is a seven-day period of mourning following a funeral service. The underlying personal injury litigation involves allegations of various intentional torts taking place in Kenneth Feld's home, during the shiva, after the passing of Feld's aunt. <u>See</u> <u>Feld v. Feld</u>, No. 08-cv-1557-ESH.

9

and accurate summaries of their time expended on this matter" going forward. Jan. 31, 2014 Scheduling Order.

As promised, the Court will award attorney's fees. FFIC's seriatim challenges to Feld's privilege assertions have required three written opinions, and have brought this litigation to a halt for many months. Most importantly, after warning the parties that attorney's fees would be imposed on the losing party in this final round, the Court has upheld all of the privilege assertions that FFIC challenged. Hence, Feld may recover reasonable attorney's fees and costs associated with litigating this issue. But in recognition of FFIC's partial successes along the way—the Court did partially grant FFIC's first two motions to compel—the award will be limited to the time between the Court's initial warning (January 31, 2014) and Feld's submission of the sample documents for in camera review (April 4, 2014).

## **CONCLUSION**

For the reasons set forth above, and upon consideration of the parties' representations at the January 31, 2014 status conference, Feld's privilege log, the parties' memoranda, the Court's in camera review, applicable law, and the entire record herein, it is hereby

**ORDERED** that FFIC's motion to compel production, or, in the alternative, for further in camera review is **DENIED**; it is further

**ORDERED** that, by not later than April 25, 2014, Feld may file a brief memorandum (with supporting declarations or affidavits) detailing the reasonable attorney's fees and costs expended in litigating this issue between January 31, 2014 and April 4, 2014, to which FFIC may respond by not later than May 2, 2014; and it is further

**ORDERED** that discovery shall continue pursuant to [33] the Court's January 24, 2014 scheduling order.

**SO ORDERED**.

                                             /s/
                                        JOHN D. BATES
                                    United States District Judge

Dated:  April 16, 2014