UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| KENNETH FELD,<br><br>    Plaintiff,<br><br>    v.<br><br>FIREMAN'S FUND INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 12-1789 (JDB) |

## MEMORANDUM OPINION & ORDER

Kenneth Feld filed this lawsuit to obtain reimbursement for legal expenses under an insurance policy from Fireman's Fund Insurance Company ("FFIC"). Feld seeks reimbursement for legal bills totaling approximately $4.5 million generated in a civil lawsuit against him. Feld v. Fireman's Fund Ins. Co., 909 F.3d 1186, 1189 (D.C. Cir. 2018). FFIC alleges that it was required to pay only about $2.1 million of Feld's $4.5 million claim. Id.

This Court granted summary judgment to FFIC, concluding that FFIC reimbursed Feld in accordance with a rate agreement between FFIC and Feld's counsel in the civil suit, and hence that FFIC had satisfied its obligations to Feld. Feld v. Fireman's Fund Ins. Co., 206 F. Supp. 3d 378 (D.D.C. 2016), reconsideration denied, 263 F.Supp.3d 74 (D.D.C. 2017). The D.C. Circuit reversed and remanded to this Court, holding that summary judgment was improper because there remained a genuine issue of material fact as to the existence of a rate agreement. Feld, 909 F.3d at 1199. The parties now are preparing for trial.

At this point, it is undisputed that the insurance policy is valid and requires FFIC to pay some portion of the legal fees that Feld incurred. The disputed issues in this case have been whittled down to two: (1) whether the fees Feld's trial counsel charged were "reasonable" such that FFIC should have paid them in full; and (2) whether a rate agreement existed that limited

FFIC's obligation to Feld with respect to these fees. Currently before the Court are two competing proposals for how to structure a trial to resolve these two issues. Joint Proposal for Further Proceedings ("Joint Proposal") [ECF No. 112] at 2–3.

The parties agree that the <u>existence of a rate agreement</u> must go to a jury. The parties disagree, however, about whether the <u>reasonableness of legal fees</u> is a question for a judge or jury. Feld contends that a single jury trial considering both the reasonableness of fees and the existence of a purported rate agreement is appropriate. <u>Id.</u> at 2–3; <u>see</u> Pl. Kenneth Feld's Proposal for Further Proceedings ("Feld Proposal") [ECF No. 115]. Feld argues that the reasonableness of fees is not a matter of damages—it is a matter of liability: Feld's case-in-chief is that FFIC breached its obligation under the insurance policy by failing to pay reasonable fees. <u>Id.</u> at 8–9. Feld also notes that as the plaintiff he has the right to present his case-in-chief before FFIC presents affirmative defenses, and hence FFIC cannot be permitted to argue the existence of an agreement before Feld argues that FFIC breached its obligations under the policy. <u>Id.</u> at 4 (quoting <u>Flying Food Corp. v. NLRB</u>, 471 F.3d 178, 186 n.5 (D.C. Cir. 2006)).

FFIC argues that it would be more efficient to first submit the issue of the existence of a rate agreement to a jury, and, if a jury were to find that no rate agreement existed, only then would the issue of reasonableness be determined—preferably by the Court, but alternatively through a second jury trial. Joint Proposal at 2–3; Def. FFIC's Br. Regarding Bifurcation & Whether Issues Should Be Tried to a Jury ("FFIC Proposal") [ECF No. 114] at 1–8. FFIC cites District of Columbia law for the proposition that a right to trial by jury does not attach to a claim of attorney's fees arising from a private contract and that the reasonableness of attorney's fees is a question for the trial court. FFIC Proposal at 6–8 (quoting <u>Ideal Electronic Sec. Co. v. Int'l Fidelity Ins. Co.</u>, 129 F.3d 143, 146–150 (D.C. Cir. 1997)).

Under Rule 42 of the Federal Rules of Civil Procedure, a court may separate issues for trial "[f]or convenience, to avoid prejudice, or to expedite and economize," so long as "any federal right to a jury trial" is preserved. Fed. R. Civ. P. 42(b). Two consecutive jury trials would not serve the interests of judicial economy or fairness, and thus two options are viable: a single jury trial, or a jury trial on the existence of a rate agreement followed by an accounting of reasonable fees by the Court. For the reasons that follow, the Court concludes that Feld does not have the right to a jury trial as to the calculation of reasonable attorney's fees, and the Court therefore concludes that the most efficacious, efficient, and convenient way to proceed is by the latter option. To the extent that the jury finds that a rate agreement did not exist between FFIC and Feld's trial counsel, the Court will conduct an accounting of reasonable fees to which Feld is entitled.

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." Simler v. Conner, 372 U.S. 221, 222 (1963) (per curiam). The Seventh Amendment "preserves the right to trial by jury in 'suits at common law, where the value in controversy shall exceed twenty dollars,'" but actions that "lie strictly in equity do not give rise to a right to trial by jury and may be tried by the court alone." Dawson v. Contractors Transp. Corp., 467 F.2d 727, 730 (D.C. Cir. 1972) (quoting U.S. Const. amend. VII). "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." Ross v. Bernhard, 396 U.S. 531, 538 (1970). To determine whether an issue is legal or equitable, courts first "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity," then "examine the remedy sought and determine whether it is legal or equitable in nature." Tull v. United States, 481 U.S. 412, 417–18 (1987). The Supreme Court has also considered "the practical abilities and limitations of juries" in its analysis of which issues should be tried by jury. Ross, 396

3

U.S. at 538 n.10.  Of these three inquiries, the second inquiry into the nature of the remedy sought "is the more important in our analysis."  Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 565 (1990).

Here, the first and third considerations are easily resolved in favor of finding that the reasonableness of attorney's fees is equitable in nature.  As to the nature of the claim under the pre-merger custom, "English courts for centuries have allowed claims for attorney's fees in both the courts of law and equity[,] . . . [b]ut when brought in the courts of law, judges, not juries, determined attorney's fees."  AIA Am., Inc. v. Avid Radiopharmaceuticals, 866 F.3d 1369, 1373 (Fed. Cir. 2017) (citations omitted).  As the Federal Circuit noted, "since either a judge in the court of law or an equity court would determine attorney's fees, this implies that attorney's fees generally do not involve legal rights."  Id.  And with regard to the "practical abilities and limitations of juries," the Second Circuit aptly noted:

> To compute a reasonable amount of attorneys' fees in a particular case requires more than simply a report of the number of hours spent and the hourly rate.  The calculation depends on an assessment of whether those statistics are reasonable, based on, among other things, the time and labor reasonably required by the case, the skill demanded by the novelty or complexity of the issues, the burdensomeness of the fees, the incentive effects on future cases, and the fairness to the parties.  Such collateral issues do not present the kind of common-law questions for which the Seventh Amendment preserves a jury trial right.

McGuire v. Russell Miller, Inc., 1 F.3d 1306, 1315 (2d Cir. 1993).

As to the second (and most important) consideration, the Court must examine the nature of the remedy.  Damages are "equitable where they are restitutionary."  Chauffeurs, 494 U.S. at 570.  In contrast, a plaintiff seeking "money damages" presents a legal issue and has a right to jury trial.  Id. at 573.  The underlying contract issue of entitlement to attorney's fees would unequivocally give rise to a legal issue triable to a jury.  McGuire, 1 F.3d at 1314.  For example, the Supreme Court held in Simler that a dispute between an attorney and his client about the terms of a

4

contingent fee retainer contract—in which the client argued that the retainer required payment of a "'reasonable' fee" but the attorney contended that a subsequent contract required payment of 50% of the client's recovery—presented a legal issue. Simler, 372 U.S. at 223. However, "the subsequent determination of the amount of attorney['s] fees owed presents equitable issues of accounting which do not engage a Seventh Amendment right to a jury trial." McGuire, 1 F.3d at 1314.

Here, there is no dispute that Feld is entitled to some amount of attorney's fees under his insurance policy. Although the question of the existence of an agreement between FFIC and Feld's prior trial counsel presents a legal issue for which Feld has a Seventh Amendment right to a jury trial, once this issue is resolved, no further legal issues triable to a jury remain. The amount of a reasonable fee will either be set by the purported rate agreement, or else it will require an equitable accounting by the Court to determine a reasonable fee amount. These attorney's fees, though quantified in dollars, are not money damages to be assessed by a jury. The fees awarded may not equal Feld's actual monetary loss or directly compensate him for all fees he expended; rather, the Court's duty would be to assess the reasonableness of fees in light of conditions in the legal marketplace and fairness to the parties. Thus, the calculation of reasonable attorney's fees is an equitable issue and will be determined separately by the Court.

This conclusion tracks the prevailing practice under Maryland law, which is the law governing the parties' insurance policy. See Feld, 206 F. Supp. 3d at 384; Feld, 909 F.3d at 1194. "Under Maryland law, when a contract [such as an insurance policy] explicitly provides for the recovery of reasonable costs or reasonable attorneys' fees, the court has the right to determine what constitutes a reasonable fee." Fed. Leasing, Inc. v. Amperif Corp., 840 F. Supp. 1068, 1077 (D. Md. 1993); see also Mash Enters., Inc. v. Prolease Atl. Corp., 162 F. App'x 125, 133 (3d Cir.

5

2005) ("Under Maryland law, when a fee application is made pursuant to a contractual right, a court must examine the request for reasonableness, even if the contract contains no such requirement."); Atl. Contracting & Material Co., Inc. v. Ulico Cas. Co., 844 A.2d 460, 478 (Md. 2004) (holding that "reasonableness of attorneys' fees" under a contractual indemnity clause "is generally a factual determination within the 'sound discretion of the trial judge . . .'") (quoting Reisterstown Plaza Assocs. v. Gen. Nutrition Ctr., Inc., 597 A.2d 1049, 1057 (Md. 1991)); Sullivan v. Easco Corp., 662 F. Supp. 1396, 1404 (D. Md. 1987) (same, adding that "the Court, under Maryland law, independently fixes the amount of a reasonable fee" due under a contractual provision). Under Maryland law, then, the reasonableness of fees is not a "triable dispute"—it is an issue that must be resolved by the trial court. Fed. Leasing, 840 F. Supp. at 1077.[*]

Hence, the proceedings will consist of a jury trial on the existence of a rate agreement between FFIC and Feld's attorneys, followed by the Court's determination of reasonable attorney's fees, if necessary. Based on the parties' submissions, the Court will reserve up to five days for trial, which is tentatively scheduled for July 8–12, 2019. A status conference is scheduled for April 18, 2019, at 9:30 a.m. in Courtroom 30A to discuss trial preparation and to schedule a pretrial conference.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: April 2, 2019

---

[*] Even if District of Columbia law controlled the contract, the conclusion would be the same. See Ideal, 129 F.3d at 146–150.